LORIN G. SLOAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sloan v. Commissioner
Docket No. 17416-93
United States Tax Court
T.C. Memo 1994-628; 1994 Tax Ct. Memo LEXIS 648; 68 T.C.M. (CCH) 1489; December 21, 1994, Filed *648 Decision will be entered under Rule 155. For petitioner: Howard N. Bernstein. For respondent: Diane L. Worland. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency 6651(a)(1)
6653(a)(1)
6653(a)(2)
1984
$ 10,913.00
$ 434.58
$ 545.65
50% of the
interest
due on
$ 1,738.35
1985
13,438.00
541.69
671.90
50% of the
interest
due on
$ 2,166.78
Sec.
Sec.
Sec.
6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
1986
15,757.52
752.29
787.87
50% of the
interest due
on $ 3,009.19
1987
9,054.00
159.04
492.70
50% of the
interest due
on $ 636.19
Sec.
Sec.
6651(a)(1)
6653(a)(1)
1988
11,045.00
154.04
552.25
1989
12,202.00
299.77
--  1990
11,185.00
100.00
--  1991
13,043.52
104.40
--  The issues for decision are whether petitioner had unreported taxable dividends during 1986, 1987, 1988, and 1989; whether petitioner received an unreported individual retirement (IRA) account distribution *649 in 1989; whether petitioner is entitled to dependency exemptions during the years in issue; whether petitioner's taxes should be computed at joint return rates; whether refunds of any overpayments resulting from withholding of income taxes during the years in issue are barred by the statute of limitations; whether petitioner is liable for the additions to tax under sections 6651(a) and 6653(a); and whether a penalty should be awarded under section 6673. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Wabash, Indiana, at the time his petition was filed. During the years in issue, petitioner was employed by the Fisher Body Division of General Motors in Marion, Indiana. For each of the years in issue, petitioner earned wages subject to Federal income tax withholding that were reported to him on Forms W-2 as follows: Year
Wages
Withholding
1984
$ 38,906.38
$  9,174.65
1985
45,445.66
11,271.22
1986
51,141.50
12,748.33
1987
41,720.44
9,217.81
1988
49,115.64
10,428.83
1989
51,260.73
11,002.90
1990
51,000.00
10,851.93
1991
58,179.93
12,625.90
*650 During all of the years in issue, petitioner was married to Carol Sloan (Mrs. Sloan). Mrs. Sloan was not employed outside the home for wages. Petitioner and Mrs. Sloan had three children: Melissa, born in 1964; Lorin, Jr., born in 1966; and Patrick, born in 1971. During 1984, 1985, 1986, and 1987, Melissa was a full-time student living at home, and petitioner provided more than 50 percent of her support. During 1984 and 1985, petitioner provided over 50 percent of the support for Lorin, Jr., and Patrick. During 1986, 1987, and 1988, petitioner provided over 50 percent of the support for Patrick. Petitioner failed to file timely Federal income tax returns for any of the years in issue. At all material times, he has maintained that he is not a person liable for Federal income taxes, notwithstanding his 1990 conviction of tax evasion for 1981, 1982, and 1983; affirmance of his conviction by the Court of Appeals for the Seventh Circuit, reported in ; and our Opinion in . The statutory notice for 1984 through 1991 was sent *651 June 1, 1993, and the petition in this case was filed August 10, 1993. In addition to determining that petitioner had the wages reported on Forms W-2, respondent determined the following: 1b.) Dividends
It is determined that you received taxable dividends of $ 63.00, $ 82.00, $ 90.00 and $ 54.00 from the National Bank of Detroit Trustee in the tax years 1986, 1987, 1988, and 1989, respectively. Therefore, taxable income is increased $ 63.00, $ 82.00, $ 90.00 and $ 54.00 for the tax years ended December 31, 1986, December 31, 1987, December 31, 1988, and December 31, 1989, respectively. 1c.) IRA Distributions
It is determined that you received $ 1,544.00 in the tax year 1989 as a payment from your individual retirement account before you reached age 59 1/2 or became disabled. Therefore, taxable income is increased $ 1,544.00 for the year ended December 31, 1989.
Respondent allowed petitioner one personal exemption and the standard deduction and computed taxes using the rates for a married person filing separately. On October 14, 1993, petitioner delivered to the Problems Resolution Office of the District Director of Internal Revenue, Indianapolis, Indiana, *652 documents entitled Form 1040, U.S. Individual Income Tax Return, for each of the years 1984 through 1991. Each of the documents showed execution on August 10, 1993, by petitioner and his wife after the following handwritten alteration to the printed jurat on the forms: "Denial & Disclaimer attached as part of this Form." Attached to each form was a statement as follows: DENIAL AND DISCLAIMER OF LORIN G. SLOAN FOR THE YEAR [YEAR]
I submit this "Denial and Disclaimer" as an attachment to the IRS Form 1040 for the year stated above. I deny that I am liable or made liable for any "1040 income tax" for the above stated year. I claim all of my rights and waive none of them merely for exercising my right to work. I submit the 1040 form to prevent the further theft of my property and loss of my liberty. My signature on the form is not an admission of jurisdiction or submission to subject status. I "disclaim liability" for any tax shown on the form. Date: 8-10-93 /s/ Lorin G. Sloan
DENIAL AND DISCLAIMER OF CAROL L. SLOAN FOR THE YEAR [YEAR]
I deny that I am liable or made liable for any "1040 income tax" for the above stated year. I sign my name to this form only *653 to prevent the further theft of my husband's property. My signature on the form is not an admission of jurisdiction or submission to subject status. I "disclaim liability" for any tax shown on the form. Date: 8-10-93 /s/ Carol L. Sloan
On the Forms 1040 delivered to the Problem Resolution Office on October 14, 1993, as aforesaid, claim was made for a refund of taxes withheld totaling $ 28,184.47. OPINION We have not listed as an issue for decision whether petitioner is liable for Federal income taxes on his wages earned from General Motors because there is no bona fide issue concerning his liability. Petitioner's claim in that regard is merely a tax protester argument that has been rejected in numerous cases in this Court and in other courts, including cases to which petitioner was a party. ; . Neither further analysis of petitioner's contentions nor citation of authority repudiating them is necessary. That he continues to maintain them is relevant only to an award under section 6673, discussed below. Petitioner *654 has denied that he received the dividends and IRA distribution determined by respondent, although he acknowledged his participation in a pension plan as a member of the United Auto Workers Union. He also acknowledged that the National Bank of Detroit was the trustee for the pension trust fund maintained for the union pension plan. Respondent did not present any other evidence that petitioner received dividends or an IRA distribution. We are not persuaded by petitioner's denials. When a taxpayer makes frivolous arguments, those arguments reflect on the reliability of his perceptions and judgment and the credibility of his assertions. Under such circumstances, testimony amounting to no more than a claim that the returns were correct when filed does not satisfy his burden of proof. See . If petitioner had engaged in meaningful discussions with respondent rather than maintaining the same frivolous positions previously rejected, erroneous identification of unreported income items could have been the subject of stipulation and probable settlement. Although the stipulation attached a series of correspondence *655 between a former attorney for petitioner or petitioner, on the one hand, and the Internal Revenue Service (IRS), on the other, there is no indication that petitioner made a bona fide objection to the unreported income items. Petitioner's acknowledgement of his participation in a union pension plan corroborates the probability of taxable receipts from that source. On consideration of the entire record, respondent's determination of unreported income is sustained. Mrs. Sloan, however, testified with respect to the dependency exemptions claimed by petitioner, identifying the age of each of the children during the years in issue, the provision of more than 50 percent of the children's support by petitioner, and Melissa's status as a student during the years for which a dependency exemption was claimed with respect to her. Respondent argues that petitioner failed to corroborate the exemptions by documentary evidence. "The distillation of truth from falsehood * * * is the daily grist of judicial life." . We conclude that Mrs. Sloan's testimony in this regard should be accepted, and it is the basis of our findings *656 of fact regarding Melissa, Lorin, Jr., and Patrick. Dependency exemptions should be allowed accordingly. Even with the allowance of the dependency exemptions, it appears that petitioner will not be entitled to any refund. In any event, any refund would be barred by the statute of limitations. The deficiencies determined by respondent exceeded the withheld amounts for each of the years in issue. With respect to computation of the tax, petitioner argues that joint return rates should have been used. In , we held that petitioner was not entitled to joint return rates because a timely election had not been made, in that the Forms 1040 that were submitted to the IRS on October 14, 1993, containing the "Denial and Disclaimer" were not valid returns. . For the same reason, those returns cannot be regarded as timely claims for refund. The taxes that were withheld from petitioner's wages for each year were deemed paid on April 15 of the succeeding year. Sec. 6513(b)(1). Section 6511 provides the general statute of limitations for credits or refunds. That section provides *657 in pertinent part: (a) Period of Limitations on Filing Claim. -- Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. * * * (b) Limitation on Allowance of Credits and Refunds. -- (1) Filing of claim within prescribed period. -- No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.
Because no returns were filed by petitioner, he is entitled to a refund or credit only of amounts paid within 2 years prior to the date of the statutory notice, which is deemed to be the date of a claim. Sec. 6512(b)(3)(B); , affd. without published opinion . *658 Only the taxes withheld during 1991 fall within that 2-year period. There is no reason to believe that there was any overpayment by withholding for 1991. Petitioner's failure to file timely returns, based on his previously rejected views, is clearly without reasonable cause. The additions to tax under sections 6651(a) and 6653(a) are fully justified and will be sustained. See , affd. . We acknowledge that petitioner entered into stipulations and presented his case expeditiously at trial. Nonetheless, section 6673(a)(1) provides for a penalty not in excess of $ 25,000 "Whenever it appears to the Tax Court that * * * the taxpayer's position in such proceeding is frivolous or groundless". In our prior Opinion, we imposed a penalty in the amount of $ 2,500, noting that, "after petitioner retained counsel, he refrained from making any further tax protester arguments." . Further, we stated: "Should our hope for petitioner's future conformity with the law prove unfounded, there *659 will be another occasion to consider imposition of the section 6673 penalty." Id. Petitioner, here, has continued to contest his liability for Federal income taxes; he maintained that position in his pleadings and during his testimony at trial. Obviously, a greater deterrent is required. Our decision will award to the United States a penalty in the amount of $ 20,000. To reflect our allowance of dependency exemptions, Decision will be entered under Rule 155.